IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RODNEY LAWRENCE,                )
                                )
         Petitioner,            )
                                )
     v.                         )   1:05CV387
                                )   1:02CR87-1
UNITED STATES OF AMERICA,       )
                                )
         Respondent.            )

### ORDER AND RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

Petitioner Rodney Lawrence, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to money laundering conspiracy in violation of 18 U.S.C. § 1956(h) and to two counts of structuring financial transactions in violation of 31 U.S.C. § 5324(a)(3). (Docket nos. 1, 14 (criminal case)) The court sentenced him on September 21, 2004, to 96 months in prison. (Id. docket no. 19) Petitioner did not appeal. He then filed this section 2255 motion raising four grounds for relief. (Docket no. 1)[1] Respondent has responded to the motion. (Docket no. 10) Petitioner has filed a reply brief. (Docket no. 14) The matter is now ready for ruling.

### DISCUSSION

Petitioner raises claims of ineffective assistance of counsel and of errors in his sentencing based on United States v. Booker, __ U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and Blakely v.

---

[1] This and further citations to the record will be to the civil case unless otherwise noted.

Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). (Docket no. 1 & attached memo.) His second ground for relief is that counsel failed to file a notice of appeal as requested by petitioner. (Docket no. 1 at 6) The court will address this claim first.

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)(in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), cert. denied, 507 U.S. 923, 113 S.Ct. 1289, 122 L.Ed.2d 681 (1993), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). The petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). An attorney renders ineffective assistance if he does not file a notice of appeal to which a defendant is entitled after a defendant requests him to do so. See Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

Petitioner states in his affidavit that he expressed his discontent on the day he was sentenced to counsel Christopher

Beechler. Petitioner says that he "told Mr. Beechler that 96 months is a lot of time and to appeal my sentence." (Docket no. 1, attached memo., appendix at 02) Petitioner further states that counsel told petitioner "he would file a notice of appeal" and led petitioner "to believe that he was taking care of everything." (Id.) Petitioner says he was surprised when he later learned that counsel had not filed an appeal. (Id.)

Counsel submitted two affidavits responding to this claim. He states that the issue of a sentencing enhancement for petitioner's role in the offense was preserved at sentencing, but that he advised petitioner to "await the outcome of Booker/Fanfan before requesting relief." (Docket no. 10, ex. 2) Counsel told petitioner that these cases may provide him some relief. (Id.) Counsel further states that petitioner "at no time requested his conviction and sentence to be appealed, nor did [counsel] represent explicitly or implicitly that [he] would file Notice of Appeal." (Id.) In his second affidavit, counsel states that he "advised [petitioner] that [he] would file the Notice of Appeal on his behalf and at his request; he never directed me to file Notice of Appeal." (Id. ex. 3) Counsel says that petitioner "clearly stated" that he would await the future rulings of the Supreme Court before petitioning for section 2255 relief. (Id.) Counsel eventually recommended that petitioner seek section 2255 relief. (Id.) Petitioner's concern was a reduction in his sentence based on the Supreme Court cases. (Id.) Counsel states that several months after the sentencing hearing he received an undated letter

from petitioner requesting among other things the appointment of counsel for the filing of a notice of appeal. (Id.) (copy of letter attached)

Counsel does not say whether he responded to this undated letter from petitioner. In his reply brief, petitioner alleges that he wrote this undated letter "around the first week of October 2004." (Docket no. 14, attached affidavit R2) Petitioner also attached to his reply brief a copy of a letter from counsel dated November 1, 2004, which petitioner says is the response to his undated letter. (Id. at 2; attachment R1) Counsel has not disputed that his November 1 letter responded to the undated letter of petitioner.[2]

In the November 1 letter, counsel states that he is responding to a letter from petitioner "inquiring about post-conviction relief." (Id. attachment R1) Counsel summarizes how petitioner's sentence was calculated and reminds petitioner that he "had ten (10) days from entry of judgment to appeal [his] conviction." (Id.) Counsel advises petitioner that "[a]t this point, you would have to file a new action or file a 2255 and assert ineffective assistance of counsel." (Id.)

---

[2] The court realizes that this November 1 letter did not become part of the record until petitioner filed his reply brief. Therefore, counsel and respondent did not have the opportunity to respond to it in the response brief. Counsel states in his supplemental affidavit that he received the undated letter "[s]everal months subsequent to the sentencing hearing (exact date unknown)." This would not necessarily exclude it as the letter to which counsel was responding on November 1. But because of this uncertainty, the court will give respondent some time after this recommendation to request an evidentiary hearing if it deems a hearing to be necessary.

-4-

Petitioner was sentenced on September 21, 2004. (Docket entry dated 9/21/2004 (criminal case)) His judgment was entered a month later on October 21, 2004. (Docket no. 19 (criminal case)) Petitioner therefore had until November 4, 2004, to file his notice of appeal. Fed. R. App. P. 4(b)(1)(A), 26. Counsel's letter dated November 1, 2004, was therefore written when petitioner still had three days left in his appeal period. Counsel apparently believed that petitioner's appeal period had already passed, which under normal circumstances would have been true. However, for whatever reason there was an unusual delay in entering petitioner's judgment.

Petitioner contends, and as stated above counsel has not disputed, that counsel's November 1 letter was written in response to petitioner's undated letter. The undated letter is captioned as a "Statement of facts and Reason for wanting to Appeal." (Docket no. 10, ex. 3, ex. A) Petitioner ends the letter by asking for appointed counsel to "file a notice of appeal for sentencing factors." (Id.) The letter thus makes clear that petitioner desired that a notice of appeal be filed on his behalf. If not for the unusual delay in entering judgment which apparently resulted in counsel believing the appeal period had expired, counsel likely would have filed the notice upon receipt of this letter. Under these circumstances, petitioner's judgment of conviction should be vacated and re-entered so that he may file a notice of appeal. See Peak, 992 F.2d at 42.

In light of this recommendation, the court will not address petitioner's remaining grounds for relief. This recommendation to allow petitioner another appeal period turns on counsel's November 1 letter and the undated letter from petitioner. Because respondent has not had the opportunity to respond to the November 1 letter, the court will allow twenty days from the entry of this order and recommendation for it to request an evidentiary hearing on the matter. If such a request is made, the court will vacate this order and recommendation and schedule a hearing. If the government does not request a hearing, this recommendation will be forwarded to the district judge.

**IT IS THEREFORE ORDERED** that respondent advise the court within twenty days of the entry of this order and recommendation whether it requests an evidentiary hearing in this matter.

**IT IS RECOMMENDED** that petitioner's motion to vacate, set aside or correct sentence (docket no. 1) be **GRANTED** on his claim that he received ineffective assistance of counsel by counsel failing to file a notice of appeal, and that petitioner's judgment of conviction entered on October 21, 2004 (docket no. 19 (criminal case)), be vacated and immediately re-entered.

**IT IS FURTHER RECOMMENDED** that counsel be appointed for petitioner to assist in his filing a notice of appeal.

／s／ Russell A. Eliason
United States Magistrate Judge

November 15, 2005